**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOSEPH L. JOHNSON,

    Plaintiff,                        Civil Action No. 2:10-CV-13851
v.                                  HONORABLE PAUL D. BORMAN
                                    UNITED STATES DISTRICT JUDGE

RICK SHARP,

    Defendant,
_____/

**OPINION AND ORDER TRANSFERRING PLAINTIFF'S CIVIL RIGHTS COMPLAINT TO THE WESTERN DISTRICT OF MICHIGAN**

Joseph L. Johnson, ("plaintiff"), presently confined at the Handlon Correctional Facility in Ionia, Michigan, has filed a civil rights complaint in this district against the defendant pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff claims that his constitutional rights were violated by the defendant while he was incarcerated at the Oaks Correctional Facility in Manistee, Michigan. For the reasons stated below, the Court will transfer this matter to the Western District of Michigan for further proceedings.

## I. DISCUSSION

In the present case, all of the actions complained of by plaintiff took place at the Oaks Correctional Facility in Manistee, Michigan, which is located in the Western District of Michigan. The defendant named in the complaint resides in the Western District of Michigan. Plaintiff is currently incarcerated at the Handlon Correctional Facility in Ionia, Michigan, which is also located in the Western District of Michigan.

Venue is in the judicial district where either all defendants reside or where the claim arose. *Al-Muhaymin v. Jones,* 895 F. 2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. §

1

1391(b). For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought. See *United States v. P.J. Dick, Inc.*, 79 F. Supp. 2d 803, 805-06 (E.D. Mich. 2000)(Gadola, J.); 28 U.S.C. § 1404(a). Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. *Sadighi v. Daghighfekr*, 36 F. Supp. 2d 267, 278 (D.S.C. 1999).

The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000)(Gadola, J.).

The Court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Michigan. The primary factor in making the determination to transfer venue is that all of the "operative facts" in this case took place at the Oaks Correctional Facility, which is located in the Western District of Michigan. See *Pierce v. Coughlin*, 806 F. Supp. 426, 428 (S.D.N.Y. 1992). Plaintiff is currently incarcerated in the Western District of Michigan and the defendant resides in this district. In cases in which a plaintiff's claims may require testimony or files that can be most easily obtained at or

near the plaintiff's place of incarceration, "the district in which the institution is located will ordinarily be the more convenient forum." *See Joyner v. District of Columbia,* 267 F. Supp. 2d 15, 20-21 (D.D.C. 2003)(*quoting Starnes v. McGuire,* 512 F. 2d 918, 931 (D.C. Cir.1974)) Finally, the witnesses and files necessary to prosecute these claims are located in the Western District of Michigan and the burden of transporting the plaintiff to this judicial district would be significant. For these reasons, transfer of this action to the Western District would be proper. *See Welch v. Kelly,* 882 F. Supp. 177, 180 (D.D.C. 1995). Venue for plaintiff's lawsuit against the defendant is not proper in the Eastern District of Michigan, because plaintiff has failed to allege that any of the acts, events, or omissions which form the basis of his lawsuit took place in the Eastern District of Michigan. *See Miles v. WTMX Radio,* 15 Fed. Appx. 213, 215 (6th Cir. 2001). The Court concludes that venue in this § 1983 lawsuit lies in the Western District of Michigan, where plaintiff alleges that the civil rights violations occurred.

## II. ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

<u>s/R. Steven Whalen</u>
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

DATED: 10/5/10