UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOSEPH JOHNSON,

       Plaintiff,                              Hon. Gordon J. Quist

v.                                                  Case No. 1:10-CV-978

RICK SHARP,

       Defendant.
_____/


## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment, (dkt. #15); and Plaintiff's Motion to Stay Defendant's Summary Judgment, (dkt. #18). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**, Defendant's motion be **granted**, and this matter **terminated**.


## BACKGROUND

The following allegations are contained in Plaintiff's unverified complaint. (Dkt. #1). At approximately 1:45 p.m. on January 15, 2010, the correctional facility in which Plaintiff was then housed conducted a fire drill. Plaintiff exited the building as directed, but was not allowed to first "get his coat and socks." Assistant Deputy Warden Rick Sharp "knew his actions were causing inmates to suffer because he walked by the yard cages with the MSP canine unit." Plaintiff asked Sharp "for his coat and socks and to be moved to a warmer location."[1] Plaintiff was forced to stand outside in "frigid

---

[1] While not expressly stated in Plaintiff's complaint, his request was presumably denied.

weather" for 90-120 minutes before being permitted to return inside. During this time, Plaintiff's request to use the bathroom was also denied. As a result of this incident, Plaintiff suffered frost bite and hypothermia.

Plaintiff initiated the present action against Assistant Deputy Warden Rick Sharp, alleging that his conduct violated the Eighth Amendment proscription against cruel and unusual punishment. Plaintiff seeks declaratory and injunctive relief, as well as eight hundred ninety thousand dollars in damages ($890,000.00). Defendant Sharp now moves for summary judgment. While Plaintiff has responded to the present motion, he also moves to stay resolution of Defendant's motion so that discovery can be conducted on his behalf.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th

Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.        Plaintiff's Motion to Stay**

Plaintiff requests that the Court stay resolution of Defendant's motion for summary judgment, so that discovery may be conducted on his behalf. Specifically, Plaintiff states that:

> Plaintiff answered Defendant's Motion for Summary Judgment as best he could with the facts and evidence plaintiff possessed. Plaintiff believes that discovery. . .would be sufficient to establish a prima facie showing of cruel and unusual punishment under the Eight Amendment. Therefore, Plaintiff Johnson request[s] that the Assistant Attorney General obtain the following discovery and secure affidavits from these

>> officials. Based on plaintiff's incarceration he is unable to obtain these discovery materials.

(Dkt. #18 at 2).

Federal Rule of Civil Procedure 56(d) (formerly Rule 56(f)) provides that if a party opposing a motion for summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the Court may defer considering the motion, deny the motion, allow time to conduct discovery, or issue any other appropriate order.

When considering whether to grant relief under this particular provision, the Court should consider several factors: (1) when the party seeking relief under Rule 56(d) learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would alter the Court's ruling on the motion for summary judgment; (3) how long the parties have already had to conduct discovery; (4) whether the party seeking relief under Rule 56(d) has been dilatory in his discovery efforts; and (5) whether the opposing party was responsive to discovery requests. *See Dobbins v. Craycraft*, 2011 WL 1843331 at *2-3 (6th Cir., May 17, 2011) (quoting *Plott v. General Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196-97 (6th Cir. 1995)).

Furthermore, the party seeking relief under Rule 56(d) must articulate a valid reason why he is unable to presently respond to the motion for summary judgment. *See, e.g.,* Wright, Miller & Kane Federal Practice and Procedure: Civil 3d § 2740 (the affidavit required under Rule 56(d) "need not contain evidentiary facts going to the merits of the case; rather, it is merely a sworn statement explaining why these facts cannot yet be presented"); *Pete's Towing Co. v. City of Tampa, Florida*, 378 Fed. Appx. 917, 921 (11th Cir., May 6, 2010) (the party opposing a motion for summary judgment must present "valid reasons justifying his failure of proof"); *Finch v. Reinke*, 2010 WL 3926193 at *1 (D. Idaho, Oct. 1, 2010) (same).

Plaintiff has failed to articulate a *valid* rationale for why he is presently unable to respond to Defendant's motion for summary judgment.  Plaintiff asserts that he requires relief under Rule 56(d) because he is unable to obtain certain discovery.  The discovery that Plaintiff desires can easily be obtained through ordinary requests for admissions, interrogatories, or requests for production of documents.  Plaintiff offers no reason why he is unable to conduct such discovery, but instead simply requests that the Attorney General obtain such discovery on his behalf.  The Court is not persuaded.

First, the Court is aware of no authority or circumstance that prevents Plaintiff from conducting discovery permitted by the Federal Rule of Civil Procedure.  Secondly, Plaintiff is not permitted to shift the cost and effort of pursuing his claims on to the State or other parties.  Furthermore, consideration of the relevant factors weighs against Plaintiff's request.  Plaintiff knew (or should have known) of the need to obtain the discovery in question when he initiated this action more than eight months ago.  As discussed below, even if Plaintiff were to obtain the requested discovery the Court fails to discern how such would enable Plaintiff to defeat Defendant's motion for summary judgment. Service was effected on Defendant Sharp on November 24, 2010.  Thus, Plaintiff has had more than six months in which to engage in discovery, but has instead failed to take any action in this regard.  Finally, there is no evidence (or even allegation) that Defendant has in any way thwarted or interfered with Plaintiff's ability to conduct discovery.  Accordingly, for the reasons articulated above, Plaintiff's motion to stay is **denied**.

**II.**         **Defendant's Motion for Summary Judgment**

As previously noted, Plaintiff alleges that on the day in question he participated in a fire drill, during which he was forced to stand outside in "frigid weather" for a prolonged period of time.

Plaintiff's requests for additional clothing or to be "moved to a warmer location" were denied. Plaintiff alleges that as a result he suffered frost bite and hypothermia.

In support of his motion for summary judgment, Defendant Sharp has submitted: (1) an affidavit which he executed; (2) a copy of the control center log book; and (3) an affidavit executed by Anita Young. (Dkt. #16, Exhibits A-C). In his affidavit, Defendant Sharp asserts that "at approximately" 2:00 p.m. on January 15, 2010, a "fire drill/practice mobilization" was conducted during which prisoners were "evacuated from the housing unit to the adjacent small yard areas." (Dkt. #16, Exhibit A at ¶ 4). Sharp asserts that during this exercise, "extra clothing was provided to all prisoners who made such a request." (Dkt. #16, Exhibit A at ¶ 5). Sharp asserts that prisoners were also given the opportunity to "relocate to the 300 programs building." (Dkt. #16, Exhibit A at ¶ 5). Defendant Sharp asserts that he did not "order or approve the scenario for the mobilization, but rather helped to facilitate the mobilization" in his capacity as Assistant Deputy Warden. (Dkt. #16, Exhibit A at ¶¶ 2-3, 7). Sharp further asserts that "[d]uring the start of the evacuation, I was located in the control center, away from [Plaintiff]" and "[a]t no time during the evacuation did I have contact with or speak to [Plaintiff]." (Dkt. #16, Exhibit A at ¶¶ 8-9; Dkt. #16, Exhibit B).

In her affidavit, Anita Young asserts that a review of the relevant health care records reveals no evidence that Plaintiff sought care for frostbite "on or about" January 15, 2010. (Dkt. #16, Exhibit C at ¶¶ 2-5). Young also asserts that there is no evidence that Plaintiff submitted a health care request "on or about" January 15, 2010, to be treated for frost bite. (Dkt. #16, Exhibit C at ¶ 6).

In response to Defendant's motion for summary judgment, Plaintiff has submitted an affidavit. (Dkt. #20, Exhibit 1). Therein, Plaintiff asserts that he was not given the opportunity to "relocate to the program building." (Dkt. #20, Exhibit 1 at ¶ 5). Plaintiff asserts that he was not

provided with additional clothing during the exercise. (Dkt. #20, Exhibit 1 at ¶ 11). Plaintiff also asserts that he did, in fact, attempt to receive medical treatment following the fire drill exercise. (Dkt. #20, Exhibit 1 at ¶ 8). However, with respect to one critical matter Plaintiff has failed to submit evidence sufficient to thwart Defendant's motion for summary judgment.

Liability in a § 1983 action cannot be based upon a theory of respondeat superior or vicarious liability. *See Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999); *Salehpour v. University of Tennessee*, 159 F.3d 199, 206-07 (6th Cir. 1998). Plaintiff "must show that a supervising officer did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on." *Walters v. Stafford*, 317 Fed. Appx. 479, 486 (6th Cir., Mar. 18, 2009) (citing *Bass*, 167 F.3d at 1048). Likewise, liability does not attach to a supervisory employee "based solely on the right to control employees, or simple awareness of employees' misconduct." *Stafford*, 317 Fed. Appx. at 486-87. Instead, Plaintiff must demonstrate *personal involvement* by a particular defendant. *See Bass*, 167 F.3d at 1048 (liability is not to be found in passive behavior or an alleged failure to act, rather liability must be based upon "active unconstitutional behavior").

As noted above, Defendant Sharp asserts in his affidavit that "[a]t no time during the evacuation did I have contact with or speak to [Plaintiff]." (Dkt. #16, Exhibit A at ¶ 9). Thus, Defendant asserts that he is entitled to relief because he was not personally involved in the events which give to Plaintiff's claims. Plaintiff asserts no facts in his affidavit creating a question of fact regarding Defendant Sharp's involvement in the events giving rise to this action. Instead, Plaintiff merely states that he "needs additional discovery to properly respond to this allegation." (Dkt. #20, Exhibit 1 at ¶ 7). Specifically, Plaintiff claims that he "need[s] the names of all ECF officers that monitored the

mobilization, so that plaintiff will be able to show through their affidavits, that Defendant Rick Sharp did walk pass (sic) all the inmates and officers to get to housing unit 3." (Dkt. #20, Exhibit 1 at ¶ 7).

As discussed above, the Court concludes that Plaintiff is not entitled to additional time to obtain the requested discovery. Moreover, the Court fails to discern how the requested discovery would advance Plaintiff's cause. Even if the Court assumes that Plaintiff could obtain evidence that establishes that Defendant Sharp walked past "all the inmates and officers" on his way to one of the housing units, such hardly establishes that Defendant was personally involved in the events giving rise to Plaintiff's claim, namely Plaintiff's requests: (1) to retrieve his socks and coat; (2) to be allowed to go inside; (3) to obtain additional clothing; and (4) to go to the bathroom. Plaintiff does not need to discover "the names of all ECF officers that monitored the mobilization" to counter Defendant Sharp's assertion that he was not personally involved in this matter. Had Plaintiff requested *from Defendant Sharp* any of this (or any other) relief, Plaintiff need only assert such in an affidavit. Plaintiff does not need assistance or additional time to submit such evidence. Plaintiff has failed, however, to submit any such evidence.

In sum, the Court concludes that Plaintiff is not entitled to additional time to conduct discovery. However, even if Plaintiff were permitted to engage in the discovery he seeks such would be insufficient to defeat Defendant Sharp's motion for summary judgment. Defendant Sharp has submitted evidence that he was not personally involved in the events which give rise to Plaintiff's action. Plaintiff has failed to submit evidence to the contrary. Moreover, the discovery Plaintiff seeks to obtain would not create a genuine factual dispute concerning Defendant's involvement in this matter, as mere proximity to Plaintiff while walking from one location to another hardly establishes the requisite

level of personal involvement to establish liability under § 1983. Accordingly, the undersigned recommends that Defendant's motion for summary judgment be granted and this matter terminated.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment, (dkt. #15), be **granted**; Plaintiff's Motion to Stay Defendant's Summary Judgment, (dkt. #18), be **denied**; and this matter **terminated**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

           Respectfully submitted,

Date: June 22, 2011           /s/ Ellen S. Carmody
           ELLEN S. CARMODY
           United States Magistrate Judge