UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOSEPH JOHNSON,

        Plaintiff,

v.                                           Case No. 1:10-CV-978

RICK SHARP,                             HON. GORDON J. QUIST

        Defendant.
_____/

## ORDER ADOPTING REPORT AND
## RECOMMENDATION AND GRANTING LEAVE TO AMEND

      Plaintiff, Joseph Johnson, has filed an Objection to the Report and Recommendation ("R & R") issued June 22, 2011, in which Magistrate Judge Carmody recommended that the Court grant Defendant Rick Sharp's motion for summary judgment. The magistrate judge concluded that summary judgment is proper because Plaintiff failed to present any evidence creating an issue of fact as to whether Defendant Sharp was personally involved in the alleged constitutional deprivation. In particular, the magistrate judge noted that Defendant Sharp stated in his affidavit that he had no contact nor did he speak with Plaintiff during the evacuation for the fire drill. (R & R at 8.) The magistrate judge found that, while Plaintiff submitted an affidavit in response to Defendant Sharp's motion for summary judgment, Plaintiff failed to assert facts contradicting Defendant Sharp's statements that he was not personally involved in denying Plaintiff's request for his coat and socks. In addition to recommending that Defendant Sharp be granted summary judgment, the magistrate judge recommended that Plaintiff's motion to stay be denied, in part, because the discovery Plaintiff sought would not affect the outcome of Defendant Sharp's motion.

After conducting a *de novo* review of the Report and Recommendation, Plaintiff's Objection, and the pertinent portions of the record, the Court concludes that the Report and Recommendation should be adopted, and Defendant Sharp's motion for summary judgment granted. However, the Court will grant Plaintiff leave to amend his complaint to name certain individuals he identifies in his Objection.

Plaintiff raises several issues in his Objection, none of which persuades the Court that the magistrate judge erred in recommending that summary judgment be granted. First, Plaintiff argues that an inconsistency between Defendant Sharp's affidavit and his administrative grievance response regarding the outside temperature on the date of the incident somehow shows that Defendant Sharp was involved in violating Plaintiff's rights. Plaintiff reasons that "if Defendant Sharp intended on having prisoners stand outside . . . he needed to know what the weather was on January 15, 2010." (Objection at 2.) Plaintiff appears to be alleging that Defendant Sharp was negligent in failing to account for the weather when planning the fire drill, but this is not Plaintiff's claim. Rather, Plaintiff is asserting that he was subjected to cruel and unusual punishment because his request for his coat and socks was denied and he was not permitted to use the bathroom. Plaintiff has still not shown that Defendant Sharp was personally involved in these denials.

Second, Plaintiff contends that the reason his health care records do not show that he was treated for frostbite on January 15, 2010, is that his request was deemed an emergency, the implication being that a Health Care Request is not generated in emergency situations. But whether Plaintiff actually received treatment is immaterial to the basis for summary judgment, that is, Defendant Sharp's lack of personal involvement.

Third, Plaintiff argues that summary judgment should be denied on the issue of Defendant Sharp's personal involvement because Defendant Sharp answered Plaintiff's grievance, and if he felt he had no personal involvement in the alleged deprivation he should have said so in his

2

response. The Court disagrees. First, "[p]rison officials are not liable under § 1983 for denying or failing to act on grievances." *Barnett v. Luttrell*, 414 F. App'x 784, 787 (6th Cir. 2011) (citing *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008)). Moreover, Plaintiff fails to cite any authority for the proposition that a respondent must deny personal liability in a grievance response. Defendant Sharp properly did so in his affidavit supporting his motion for summary judgment.

Finally, Plaintiff complains that his motion to stay should be granted to allow him an opportunity to obtain discovery that may assist him in amending his complaint. More specifically, Plaintiff states that he should be allowed the opportunity to amend his complaint to add Deputy Ball, who was present with Defendant Sharp when the fire drill started; ARUS Grambau, who told Plaintiff to hurry up and get out; and Sgt. Burmis, the officer who denied Plaintiff a bathroom break after being informed of Plaintiff's condition. Given that Defendant Sharp is entitled to summary judgment, it is difficult to see how Deputy Ball could be liable on Plaintiff's claims. On the other hand, Plaintiff may have meritorious claims against ARUS Grambau and Sgt. Burmis. Understandably, the magistrate judge did not recommend that Plaintiff be granted leave to file an amended complaint because Plaintiff's motion was to stay Defendant Sharp's motion for summary judgment, not to amend. However, Plaintiff has made clear in his Objection that he was requesting leave to amend, even if his motion did not specifically request leave. Under these circumstances, the Court finds it appropriate to allow Plaintiff an opportunity to amend his complaint to add the additional defendants. *Cf. Brown v. Matauszak*, 415 F. App'x 608, 615 (6th Cir. 2011) (holding that the district court should have allowed the plaintiff an opportunity to amend his complaint before dismissing it with prejudice, even though the plaintiff did not so request, where information in the record showed that the deficiency could be cured by amendment). Although the Court will afford Plaintiff an opportunity to amend to add ARUS Grambau and Sgt. Burmis as defendants, Plaintiff

will not be permitted to conduct discovery prior to filing an amendment, as Plaintiff should possess all the information he requires to amend.  Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued June 22, 2011 (docket no. 25 ) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Sharp's Motion for Summary Judgment (docket no. 15) is **GRANTED** based upon Defendant Sharp's lack of personal involvement.

**IT IS FURTHER ORDERED** that Plaintiff's Motion To Stay Defendant's Summary Judgment (docket no. 18) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall have **fourteen (14) days** from the date of this Order to file an amended complaint adding ARUS Grambau and Sgt. Burmis as defendants. Plaintiff's failure to file his amendment within that time shall result in the dismissal of Plaintiff's claims with prejudice.


Dated:  September 2, 2011                              /s/ Gordon J. Quist
                                                                 GORDON J. QUIST
                                                       UNITED STATES DISTRICT JUDGE