UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOSEPH JOHNSON,

        Plaintiff,                              Hon. Gordon J. Quist

v.                                                     Case No. 1:10-CV-978

RICK SHARP, et al.,

        Defendant.
_____/


**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Burmis' Motion for Summary Judgment, (dkt. #68); and Plaintiff's Motion for Summary Judgment, (dkt. #71). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**, Defendant's motion be **granted**, and this matter **terminated**.


**BACKGROUND**

Plaintiff initiated the present action on September 27, 2010, against Assistant Deputy Warden Rick Sharp. In his original complaint, Plaintiff advanced the following allegations. At approximately 1:45 p.m. on January 15, 2010, the correctional facility in which Plaintiff was then housed conducted a fire drill. Plaintiff exited the building as directed, but was not allowed to first "get his coat and socks." Assistant Deputy Warden Rick Sharp "knew his actions were causing inmates to suffer because he walked by the yard cages with the MSP canine unit." Plaintiff asked Sharp "for his coat and

socks and to be moved to a warmer location."[1]  Plaintiff was forced to stand outside in "frigid weather" for 90-120 minutes before being permitted to return inside.  During this time, Plaintiff's request to use the bathroom was also denied.  As a result of this incident, Plaintiff suffered frost bite and hypothermia. Plaintiff alleged that Defendant Sharp's conduct violated his Eighth Amendment right to be free from cruel and unusual punishment.  Defendant Sharp subsequently moved for summary judgment.  Sharp's motion for summary judgment was granted, but Plaintiff was permitted to amend his complaint to assert claims against two additional defendants, Unknown Burmis and Unknown Grambau.  Plaintiff's claims against Defendant Grambau were subsequently dismissed for failure to exhaust administrative remedies.

In his unverified Amended Complaint, Plaintiff alleges the following.  On January 15, 2010, at 1:57 p.m., a fire drill was conducted in Plaintiff's housing unit.  As Plaintiff exited the housing unit, he asked Defendant Grambau "if he could grab his coat."  Grambau denied this request on the ground that Plaintiff would "only be out there for a few minutes."  At 2:18 p.m., Plaintiff asked Defendant Burmis "if he could use the bathroom."  Burmis replied, "you will be back inside in a few minutes."  At 4:17 p.m., Plaintiff was finally permitted to return inside, by which time he "had went into shock outside in the frigid weather."  Plaintiff alleges that Defendant Burmis' conduct violated his Eighth Amendment right to be free from cruel and unusual punishment.  Plaintiff and Defendant Burmis both move for summary judgment.

---

[1] While not expressly stated in Plaintiff's complaint, his request was presumably denied.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same).

Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

The only claim asserted against Defendant Burmis is that he denied Plaintiff's request to use the bathroom and, as a result, Plaintiff had to wait two hours to relieve himself. Plaintiff asserts that Burmis' conduct violated his Eighth Amendment right to be free from cruel and unusual punishment.

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The analysis by which Defendant Burmis' conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. In this respect, Plaintiff "must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. With respect to the objective prong of the analysis, contemporary standards of decency determine whether conditions of confinement are cruel and unusual. *See Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004) (citing *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). Contemporary standards of decency are violated only by "extreme deprivations" which deprive the prisoner of the "minimal civilized measure of life's necessities." *Hadix*, 367 F.3d at 525 (quoting *Hudson v. McMillan*, 503 U.S. 1, 9 (1992)).

If the objective test is met, the Court must then determine whether Defendant Burmis acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. In other words, was the individual deliberately indifferent to inmate health or safety. *Id.* However, the Eighth Amendment is not implicated where prison officials simply acted with negligence. *See Perez v. Oakland County*, 466 F.3d 416, 423 (6th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). In sum, to establish that Defendant acted with deliberate indifference, Plaintiff must "present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'" *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (quoting *Farmer*, 511 U.S. at 829, 847).

Plaintiff alleges that he made one request to Defendant Burmis to use the bathroom and that such was denied causing him to wait two hours to relieve himself. As courts recognize, however, where a prisoner is briefly denied access to a toilet such deprivation is not sufficiently serious to implicate the Eighth Amendment. *See, e.g., Hartsfield v. Vidor*, 199 F.3d 305, 309-10 (6th Cir. 1999) (allegations that prisoner was denied use of a toilet for two separate 8-hour periods over two days did not state a claim for violation of the Eighth Amendment); *Merriweather v. Jenkins*, 2012 WL 3929903 at *3 (W.D. Mich., Aug. 14, 2012) ("the one-time denial of Plaintiff's request to use the toilet is insufficient, by itself, to state a claim under the Eighth Amendment"); *Gerst v. Arpaio*, 2012 WL 3228838 at *4 (D. Ariz., Aug. 6, 2012) ("[a]s to Plaintiff's claim that he was deprived of air conditioning, water, and the use of a bathroom for three hours, he has alleged a temporary inconvenience, not a "sufficiently serious" deprivation"); *Saenz v. Reeves*, 2012 WL 4049975 at *14 (E.D. Cal., Sept. 13, 2012) ("denying Plaintiff access to a toilet and water for five and one half hours on one occasion and four and one half hours on a separate occasion, while he was kept in a holding cell,

are not sufficient to rise to the level of a sufficiently serious deprivation to violate the Eighth Amendment").[2] Accordingly, the undersigned recommends that Defendant Burmis' motion for summary judgment be granted and Plaintiff's motion for summary judgment be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendant Burmis' Motion for Summary Judgment</u>, (dkt. #68), be **granted**; <u>Plaintiff's Motion for Summary Judgment</u>, (dkt. #71), be **denied**; and this matter **terminated**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                  Respectfully submitted,

Date:  December 5, 2012                          /s/ Ellen S. Carmody
                                                                                ELLEN S. CARMODY
                                                                                United States Magistrate Judge

---

[2] The Court also notes that while Plaintiff alleges that he was experiencing "kidney problems" that prevented him from waiting a short period of time to use the bathroom, the record contains no evidence of such. Moreover, even if Plaintiff could establish that he was experiencing any such "kidney problems," the record contains no evidence that Defendant Burmis was aware of such. Thus, this particular allegation does not alter the Court's analysis.