UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

————————————————

JOSEPH JOHNSON,

           Plaintiff,

v.                                        Case No. 1:10-CV-978

RICK SHARP, et al.,                     HON. GORDON J. QUIST

           Defendants.

_____/

## MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S APPEAL OF MAGISTRATE JUDGE'S ORDERS

Plaintiff, Joseph Johnson, a pro se prisoner, has filed an Objection to Magistrate Judge Ellen Carmody's Report and Recommendation (R&R), issued December 5, 2012, in which Magistrate Judge Carmody recommended that the Court grant Defendant Burmis's Motion for Summary Judgment, deny Plaintiff's Motion for Summary Judgment, and dismiss Plaintiff's Amended Complaint with prejudice. In addition to objecting to this recommendation, Plaintiff objects to the magistrate judge's orders entered on December 5, 2012 (docket nos. 88 and 89) denying Plaintiff's Emergency Motion to Supplement Complaint and Plaintiff's Motion for Discovery. The Court will treat Plaintiff's objection to these orders as an appeal subject to the "clearly erroneous" standard set forth in 28 U.S.C. § 636(b)(1)(A).

For the reasons set forth below, the Court will overrule Plaintiff's Objection and deny his appeal of the magistrate judge's orders.

*Plaintiff's Objection*

Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R&R, Plaintiff's Objection, and the pertinent portions of the record, the Court concludes that the R&R should be adopted.

Plaintiff filed his initial Complaint in this case against Assistant Deputy Warden Rick Sharp, alleging that Defendant Sharp violated Plaintiff's Eighth Amendment rights during a fire drill at the Robert G. Cotton Correctional Facility by denying Plaintiff permission to get his coat and socks. Plaintiff alleged that he was forced to remain outside in "frigid weather" without his coat and socks for 90–120 minutes before being permitted to return to his housing unit. (Compl. at 2, 4.) Plaintiff also alleged that his request to use the bathroom during the fire drill was also denied. (*Id.* at 3.) This Court ultimately adopted the magistrate judge's recommendation that Defendant Sharp be granted summary judgment on the basis that Defendant Sharp was not personally involved in the alleged violation, but granted Plaintiff leave to amend his Complaint to add claims against Michigan Department of Corrections employees Myron Burmis and Ronald Grambau.

In his Amended Complaint, Plaintiff alleges that during the fire drill on January 15, 2010, he asked Defendant Grambau for permission grab his coat before going outside, but Defendant Grambau denied Plaintiff's request because the prisoners would only be outside for a few minutes. (Am. Compl. at 3.) Plaintiff alleges that once he was outside, he requested his coat but received no response. Plaintiff then asked Defendant Burmis, who "was standing next to the yard," for permission to use the bathroom. (*Id.* at 4.) Plaintiff alleges that he asked Defendant Burmis for permission to use the bathroom because he was on medication for kidney problems and was in pain

from having to urinate, but Defendant Burmis denied his request because the prisoners would be allowed to go back inside in a few minutes. (*Id.*) Plaintiff alleges that he was forced to remain outside for two to three hours. (*Id.*)

The magistrate judge concluded that Plaintiff's sole claim against Defendant Burmis is that he denied Plaintiff's request to use the bathroom and, as a result, Plaintiff was required to wait two to three hours to relieve himself. Plaintiff did not urinate on himself, did not suffer physical harm, and was not exposed to contamination.

A viable Eighth Amendment claim consists of an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977 (1994). A court considering a prisoner's Eighth Amendment claim must ask both if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and if the official acted with a sufficiently culpable state of mind. *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S. Ct. 995, 999 (1992).

The objective component requires the infliction of serious pain or failure to treat a serious medical condition. *Id.* at 8–9, 112 S. Ct. at 1000. With respect to the infliction of serious pain, courts recognize that "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.* at 9, 112 S. Ct. at 1000 (internal citations and quotation marks omitted). The subjective component requires that the defendant act with deliberate indifference to an inmate's health or safety. *See Wilson v. Seiter*, 501 U.S. 294, 302–03, 111 S. Ct. 2321, 2326 (1991). To establish the subjective component, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be

drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S. Ct. at 1979.

The magistrate judge concluded that Plaintiff's Eighth Amendment claim fails on the objective component because courts routinely hold that a temporary denial of access to bathroom is not a sufficiently serious deprivation to implicate the Eighth Amendment.  (R&R at 6–7.)  Case law supports this conclusion.  *See Tate v. Campbell*, F. App'x 413, 417 (6th Cir. 2003) (concluding that the defendant's refusal to allow the plaintiff to use the restroom for three hours was not sufficiently egregious to support an Eighth Amendment claim, even though the plaintiff alleged that he suffered great discomfort and humiliation); *Rogers v. Laird*, No. 9:07-CV-668 (LEK/RFT), 2008 WL 619167, at *3 (N.D.N.Y. Feb. 8, 2008) ("The temporary deprivation of restroom privileges for a three hour period does not constitute an extreme deprivation of life's necessities."); *Qawi v. Howard*, No. Civ. A. 98-220-GMS, 2000 WL 1010281, at *3–4 (D.Del. July 7, 2000) (holding that the plaintiff's allegations of being locked in his cell without access to a toilet for six hours and forced to urinate into a drinking glass and defecate twice into a paper bag, while unpleasant experiences, did not rise to the level of an Eighth Amendment violation); *Whitted v. Lazerson*, No. 96 Civ. 2746 (AGS), 1998 WL 259929, at *2 (S.D.N.Y. May 21, 1998) ("The temporary deprivation of the right to use the toilet, in the absence of serious physical harm or a serious risk of contamination, simply does not rise to the level of an Eighth Amendment violation.")

The first of Plaintiff's two objections concerns the magistrate judge's statement that the record contains no evidence that Plaintiff was experiencing "kidney problems" that prevented Plaintiff from waiting a short period of time to use the bathroom.  (R&R at 7 n.2.)  Plaintiff points out that the exhibits attached to his response to Defendant Burmis's motion show that Dr. Mark

Miller diagnosed Plaintiff with a urinary tract infection and urinary retention. (Pl.'s Resp. Br. Ex. A.) Plaintiff's evidence also shows that symptoms of urinary retention can include "a strong urge to urinate." (*Id.*) In addition, Plaintiff's affidavit shows that he was taking medication for his kidneys that caused him to urinate. (Johnson Aff. ¶ 5, Pl.'s Br. Supp. Mot. Summ. J. Ex.2.) Even considering this evidence, however, the Court concludes that it does not undermine the magistrate judge's conclusion that Plaintiff fails to establish a sufficiently serious deprivation to support an Eighth Amendment claim. At bottom, Plaintiff alleges one isolated incident in which he was denied use of bathroom facilities for two or three hours. These allegations do not show an objectively serious risk to Plaintiff's health, even if Plaintiff suffered pain and discomfort as a result of Defendant Burmis's refusal to let Plaintiff use the bathroom. *See Vacca v. Scott*, 119 F. App'x 678, 679 (5th Cir. 2005) (holding that the plaintiff's allegation that he "suffered generalized pain and discomfort" as a result of defendants' denial of access to a bathroom were insufficient to allege an Eighth Amendment claim); *Samu v. Stewart*, No. 1:10-CV-857, 2011 WL 4074781, at *2 (W.D. Mich. Sept. 13, 2011) (holding that the defendant's temporary refusal to allow the plaintiff, a 63-year old prisoner with a serious urinary medical condition, to use the bathroom was not a sufficiently serious deprivation under the Eighth Amendment).

Although the magistrate judge did not reach the issue, the Court concludes that Plaintiff's claim also fails under the subjective component. That is, Plaintiff has not shown that Defendant Burmis knew of, and disregarded, a substantial risk of harm to Plaintiff. Plaintiff merely told Defendant Burmis that he had to urinate and was on medication for his kidney. There is no indication that Defendant Burmis should have known that his denial of Plaintiff's request to use the bathroom presented a serious risk to Plaintiff's health. Moreover, according to Plaintiff's own allegations, Defendant Burmis denied Plaintiff's request solely because he believed that the fire drill

would be over shortly and Plaintiff would be allowed to return to his housing unit.  Nothing in the record suggests that Defendant Burmis had any reason to believe that the fire drill would last for up to three hours.

As for his second objection, Plaintiff argues that he also alleged that Defendant Burmis denied Plaintiff's request to get his coat and the magistrate judge simply missed this claim.  The Court disagrees.  In his Amended Complaint, Plaintiff merely states that he asked for his coat and received no response and that Defendant Burmis was standing nearby.  (Am. Compl. at 4.)  In his affidavit, Plaintiff states that he "asked the gate officer" for his coat and that "Sgt. Burmis was standing right next to the gate officer," (Johnson Aff. ¶ 4), but Plaintiff offers no evidence that he asked Defendant Burmis to get his coat or that Defendant Burmis denied such request.  Because Plaintiff must establish that Defendant Burmis personally participated in the alleged constitutional deprivation, *see Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984), Plaintiff's failure to present such evidence is fatal to his claim.

### *Plaintiff's Appeal*

Plaintiff appeals the magistrate judge's December 5, 2012, Order denying Plaintiff's Emergency Motion to Supplement Complaint, which the magistrate judge treated as a motion to amend.  The magistrate judge denied Plaintiff's motion as untimely and because Plaintiff failed to submit a copy of his proposed amendment.  Plaintiff offers no reason why the magistrate judge's order denying his motion was clearly erroneous, and the Court finds no basis to reverse the order.

Plaintiff also appeals the magistrate judge's December 5, 2012, Order denying Plaintiff's Motion for Discovery.  The magistrate judge denied the motion because Plaintiff failed to identify the particular discovery he sought to obtain or to explain how discovery would support his opposition to Defendant Burmis's motion.  In addition, the magistrate judge concluded that Plaintiff

could have sought discovery earlier in the case.  In his appeal Plaintiff simply states that he needs to learn the identity of the nurse who treated him for frostbite and hypothermia and he needs information regarding Defendant Burmis's institutional records, including grievances and misconduct.  However, such evidence would not permit Plaintiff to defeat Defendant Burmis's Motion for Summary Judgment.  Thus, the magistrate judge's order was not clearly erroneous.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued December 5, 2012 (docket no. 90 ) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Objection (docket no. 91) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant Burmis's Motion for Summary Judgment (docket no. 68) is **GRANTED** and Plaintiff's Motion for Summary Judgment (docket no. 71) is **DENIED**.

**IT IS FURTHER ORDERED** that the magistrate judge's December 5, 2012, Orders (docket nos. 88 and 89) are **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (docket no. 82) is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to appoint ad litem *or guardian* (docket no. 87) is **DISMISSED AS MOOT**.

A separate judgment will enter.[1]

This case is **concluded**.

Dated:  March 27, 2013                                    _____/s/ Gordon J. Quist_____

---

[1] The Court has previously dismissed Defendant Grambau from the case based on Plaintiff's failure to exhaust his administrative remedies.  (Docket no. 67.)

GORDON J. QUIST
UNITED STATES DISTRICT JUDGE